Eder, J.
Defendant moves to dismiss the complaint “ upon the ground that the complaint does not state a cause of action ”. No reference to any rule is made. Defendant has so moved upon all the pleadings, an affidavit and exhibits annexed thereto. It is quite evident that what was intended was a motion for summary judgment dismissing the complaint. Plaintiff raises no objection on this ground and his brief goes to the merits of the controversy by stating: “ The sole question on this motion is whether the landlord has a right to transfer security under a lease to a purchaser of the leased property when a deposit was made by a person other than the tenant.” Since the real issue has thus been met by the parties, the mislabeling of the motion in the notice thereof may be disregarded and the motion treated as one for summary judgment.
In 1952 defendant entered into a lease with J. S. Wald & Co., Inc., as tenant, for a term of about fifteen years at an annual rental of $15,000. The lease provided that Joseph S. Wald (the plaintiff herein) had that day deposited with the landlord the sum of $10,000 “ as security for the full and faithful performance by the Tenant of all of the terms * * * of this lease ”; that at the expiration of the term that sum 1 ‘ shall be returned by the Landlord to Joseph S. Wald ” or tenant may elect to pay the last eight months’ rentals to Joseph S. Wald; that landlord pay annually to Joseph S. Wald interest of 2% on said sum; that, notwithstanding the security deposit, Joseph S. *758 Wald was not to be deemed a guarantor of tenant under the lease nor have any obligation thereunder “ other than the deposit of the aforesaid $10,000 for the purposes herein set forth
In 1953 and 1954 defendant paid the annual interest on the security by check to J. S. Wald & Co., Inc. The indorsement on one check was made by “ Joseph S. Wald, President ” and credited to his personal account, although the other was deposited, without indorsement over, in the corporate account. Nothing, however, turns on the circumstance that defendant paid the interest to the corporation. Plaintiff’s interest as owner of the security deposit remained unaffected.
In June, 1955, the building was sold and defendant assigned all rights in this lease to the purchasers. Defendant stated therein that he had received $10,000 to be held as security from “ J. S. Wald & Co., Inc. as tenant ”, and that this assignment included the $10,000 security now delivered to the purchasers. Nothing also turns on the circumstance that the security was there said to have been deposited by the corporation rather than the individual.
When plaintiff was informed of the security being turned over to the purchasers, he brought this action for conversion against defendant. Defendant answered and also brought in the purchasers as third-party defendants, and then made the present motion to dismiss.
Section 233 of the Real Property Law provides that money deposited as security shall be held in trust ‘ ‘ but may be disposed of as provided in section thirteen hundred and two-a of the penal law.” The word “ tenant ” does not appear in the section and the language is broad enough to encompass the act of a security deposit by anyone “ on a contract for the use or rental of real property ”.
Section 1302-a of the Penal Law provides that an owner who has received “ from a tenant ” a deposit “ as security for the full performance by such tenant of the terms of his lease ” shall upon conveying the property deal with the security deposit in one of three ways: A. Turn over the sum deposited to his grantee and notify tenant by registered mail. B. Return the sum deposited to the tenant. O. Retain the sum deposited and notify tenant by registered mail. It is further provided that if A is adopted he is “ hereby relieved of and from liability to the tenant for the repayment thereof; and the transferee of such security deposit is hereby made responsible for the return thereof to the tenant ”.
*759 It will be noted that the Penal Law section speaks only of a security deposit made by a “ tenant Accordingly, when this defendant notified tenant that he had adopted the procedure set forth in A above, plaintiff brought this action on the theory that, since he had made the deposit and not the tenant, the section relieving an owner from liability upon turning the security over to his grantee was not applicable. He urges, therefore, that the liability of section 233 of the Beal Property Law was not terminated inasmuch as defendant had no right to turn Ms (as distinguished from a “ tenant’s ”) deposit over to the purchasers.
The motion to dismiss is based upon the applicability of section 1302-a of the Penal Law to this situation, despite the circumstance that plaintiff individually, rather than his corporation, had furnished the security on its behalf.
When plaintiff made the deposit, he became the owner thereof and entitled to its return upon expiration of the term. However, during the term of the lease, the deposit was to be treated the same as security put up by the tenant itself. So long as there was no deviation from the original purpose for which deposited, the security (except for the fact that plaintiff was to be entitled to its return) was to be considered as if deposited by tenant itself. Plaintiff intended that it should be used as security for tenant’s performance under the fifteen-year lease and the present transfer to the new owners simply carries on that original intention. That is precisely what the Penal Law provision contemplates. To interpret the provision literally, as plaintiff has attempted, to cover security given only by a tenant and not on his behalf, would frustrate the purpose intended by its enactment. When security has been deposited on a tenant’s behalf by another, the depositor must be viewed as having then agreed that the security be held and be transferable pursuant to all provisions of law governing security deposits of a tenant. The statute, when judged substantially, includes within its scope such a security deposit. All parties are then adequately protected and the security thereafter is held in trust for plaintiff’s benefit by the purchasers, whose responsibility therefor is supported as a practical matter by the property then acquired by them. The parties are then simply held to the obligation originally undertaken.
The motion regarded as one for summary judgment dismissing the complaint is accordingly granted. Settle order.